IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE Y. CAROLUS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 04-293J |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 31st day of July, 2006, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application for benefits on June 13, 2003, alleging a disability onset date of February 19, 2003, due to low back pain and numbness. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on April 13, 2004, at which plaintiff, represented by counsel, appeared and testified. On May 20, 2004, the ALJ issued a decision finding that plaintiff is not disabled. On September 22, 2004, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 48 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school equivalency education having earned a GED. She has past relevant work experience as a nurse's aide, laundry worker and fast food worker, but has not engaged in any substantial gainful activity since her alleged onset date. For Title II purposes, the ALJ found that plaintiff met the disability insured status requirements of the Act on her alleged onset date and will continue to meet them through December of 2007.

After reviewing plaintiff's medical records and hearing

testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of degenerative disc disease and depression, those impairments, alone or in combination, do not meet or equal the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that, although plaintiff cannot perform her past relevant work, she retains the residual functional capacity to engage in light work with certain restrictions recognizing the limiting effects of her impairments.[1] A vocational expert then identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity, including coupon redemption clerk, mail sorter/routing clerk, parimutuel ticket seller, telephone quotation clerk, hand assembler and nut sorter.

Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

---

[1] The ALJ found that plaintiff's "residual functional capacity for the full range of light work is reduced by a prohibition from climbing, balancing, stooping, kneeling, or working with exposure to machinery", as well as a "sit/stand option" and that she is "limited to simple, routine, low stress jobs requiring no more than low levels of concentration and memory." (R. 20).

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. See also Newell, 347 F.3d at 545-46.

⚞AO 72
(Rev. 8/82)

Additionally, the Commissioner has promulgated regulations dealing specifically with the evaluation of mental impairments. 20 C.F.R. §404.1520a. When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432.

Here, plaintiff raises several challenges to the ALJ's finding of not disabled at step 5 of the sequential evaluation process[2]. Specifically, plaintiff contends that: (1) the ALJ improperly evaluated the medical evidence; (2) the ALJ failed to consider all of plaintiff's medical conditions; (3) the ALJ failed to account for the side effects of plaintiff's medications or her sleep disturbance condition; (4) the ALJ improperly relied on the vocational expert's answer to a defective hypothetical that did not account for all of plaintiff's impairments and limitations; and, (5) the ALJ failed to perform a function-by-function assessment as required by SSR 98-6p. The court has considered these arguments and finds each of them to be without merit.

Plaintiff first challenges the ALJ's evaluation of the

---

[2] At step 5, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a); Fargnoli, 247 F.3d at 40.

medical evidence, specifically, opinion evidence from Dr. Bencie, her primary care physician, and from Dr. Ahlstrom, her neurologist, evidence which plaintiff contends supports a finding of disability. The record, however, supports the ALJ's evaluation of the medical evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §404.1527(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and adequately explained his reasons for giving the medical evidence the weight to which he believed it was entitled. (R. 17-18). The court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

First, the determination of disability is reserved solely to the Commissioner and the opinion of a physician, treating or

otherwise, never is entitled to special significance on that ultimate determination. 20 C.F.R. §404.1527(e); SSR 96-5p. Here, based upon his review of the <u>entire</u> record, including plaintiff's medical records and plaintiff's own testimony and reported daily activities, the ALJ concluded that plaintiff's impairments, while severe, do not preclude her from performing <u>any</u> substantial gainful activity.

Moreover, Dr. Bencie's letter to counsel did <u>not</u> suggest plaintiff was totally disabled from any work activity but instead indicated that plaintiff "has been disabled <u>from types of work that involve any significant lifting or standing</u> from 01-30-03 to 07-14-03." (R. 222) (emphasis added). The ALJ's residual functional capacity finding restricting plaintiff to less than the full range of light work with limitations is wholly consistent with Dr. Bencie's opinion. Likewise, the ALJ's step 4 finding that plaintiff is precluded from performing her past relevant work is wholly consistent with Dr. Ahlstrom's opinion that plaintiff "is unable to continue <u>her profession as nurses aid due to the lifting involved in this work</u>." (R. 223) (emphasis added).

In addition, as the ALJ explained in his decision (R. 18), Dr. Ahlstrom's opinion, to the extent it suggests an inability to engage in any work activity, is not supported by the objective medical evidence and is inconsistent with other substantial evidence in the record, including Dr. Ahlstrom's own reports, and the ALJ therefore did not err in giving that opinion little weight. 20 C.F.R. §416.927(d); SSR 96-2p. The court is

satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

The record also belies plaintiff's contention that the ALJ failed to consider all of plaintiff's impairments, specifically neuralgia and radiculopathy.[3]  The primary diagnosis by all of plaintiff's treating and reviewing physicians is that she suffers from degenerative disc disease and, although there is some evidence in the record suggesting that plaintiff may suffer from some neuralgia and radiculopathy secondary to her degenerative disc disease, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991).

In this case, plaintiff sought benefits based on back pain radiating into her legs.  The ALJ found that she suffers from the severe impairment of degenerative disc disease, her primary diagnosis.  He then considered the effects of that impairment on her ability to perform work and made a residual functional capacity assessment recognizing restrictions on her ability to work as supported by the objective medical evidence of record. These restrictions took into account plaintiff's back pain, as well as pain and numbness in her legs, regardless of whether that

---

[3] Neuralgia is pain which extends along the course of one or more nerves. Dorland's Illustrated Medical Dictionary, 1206 (29th ed. 2000). Radiculopathy is a disease of the nerve roots. Id. at 1511.

pain was caused by degenerative disc disease or secondarily by related nerve problems, and the fact that the ALJ never specifically referred to neuralgia or radiculopathy is of no moment, particularly when plaintiff makes no contention that those secondary diagnoses resulted in limitations apart from those arising from her degenerative disc disease. The court is satisfied that the ALJ adequately considered all of plaintiff's impairments and limitations as supported by the record as a whole.

Likewise, the court finds no merit to plaintiff's argument that the ALJ failed to consider the side effects of her medications or her sleep difficulties. Plaintiff's contention that the ALJ failed to take into account the side effects of her medications simply is not supported by the record. To the contrary, the ALJ specifically noted in his decision that plaintiff had complained that her medications resulted in "blurred vision, nausea, anxiety and sleepiness." (R. 16). However, as the ALJ noted, there is no evidence in the record supporting plaintiff's subjective complaints regarding the asserted debilitating nature of these side effects. In fact, plaintiff specifically denied any side effects from medications in her vocational evaluation (R. 140) and the record shows that plaintiff never made any complaints to any of her treating physicians about any side effects.

Moreover, "[d]rowsiness often accompanies the taking of medication, and it should not be viewed as disabling unless the record references serious functional limitations." <u>Burns v.</u>

AO 72
(Rev. 8/82)

Barnhart, 312 F.3d 112, 131 (3d Cir. 2002). Here, the ALJ in assessing plaintiff's residual functional capacity concluded that plaintiff does not suffer from side effects of medications result that result in any serious functional limitations. Substantial evidence in the record supports this determination.

Plaintiff next argues that the ALJ erroneously relied upon the vocational expert's response to a hypothetical which did not take into account all of plaintiff's impairments or incorporate additional limitations resulting from the side effects of plaintiff's medications and a sleep disturbance condition.

However, the additional limitations asserted by plaintiff's counsel relating to side effects of medications and a sleep disturbance condition, as already discussed, are not supported by the medical evidence of record. As a hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), the ALJ did not err in rejecting a response to a hypothetical incorporating limitations not supported by the medical evidence. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence). Instead, the ALJ properly relied upon the testimony of the vocational expert in response to a hypothetical which did account for all of plaintiff's impairments and did incorporate all limitations actually supported by the record, and the vocational expert's testimony in response to that hypothetical constitutes substantial

evidence supporting the ALJ's step 5 finding.

Plaintiff's final argument that the ALJ failed to perform a function-by-function assessment of plaintiff's abilities in relation to various strength demands, as required by SSR 98-6p, is belied by the record. The ALJ's decision establishes that the ALJ complied with the dictates of SSR 96-8p in regard to assessing plaintiff's residual functional capacity. The ALJ limited plaintiff to less than the full range of light work and incorporated exertional and non-exertional limitations on each level of functioning affected by plaintiff's impairments, including a sit/stand option. (R. 20). Upon review of the record, the court is satisfied that the ALJ's residual functional capacity assessment complied with the requirements of SSR 96-8p and that said assessment is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: John D. Gibson, Esq.
    131 Market Street
    Suite 200
    Johnstown, PA 15901

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901